UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FREDDIE PEARSON, et al.,<br><br>    Plaintiffs<br><br>v.<br><br>INTOUCHCX SOLUTIONS, INC.,<br><br>    Defendant | Case No.: 2:23-cv-01888-APG-MDC<br><br>**Order Granting in Part Defendant's Motion to Dismiss**<br><br>[ECF No. 28] |

Plaintiffs Freddie Pearson and Lea Ann Dailey sue their former employer, InTouchCX Solutions, alleging InTouch failed to pay them for overtime hours in violation of the Fair Labor Standards Act (FLSA).  The plaintiffs purport to represent a collective of former call center agents who worked for InTouch during the three years preceding the filing of the complaint.  Pearson also sues for failure to pay wages for each hour, overtime, and the minimum wage under Nevada law and the Nevada Constitution on behalf of himself and a putative class of former Nevada InTouch employees.  InTouch moves to dismiss portions of the plaintiffs' second amended complaint (SAC) for failing to plausibly allege a cause of action.  For the reasons outlined below, I grant InTouch's motion in part.

**I. BACKGROUND**

InTouch employs call center agents to provide customer service for clients around the world in various industries.[1]  The plaintiffs use the term "call center agent" to describe a variety of positions that provide customer service for InTouch over the telephone.  Pearson worked for InTouch remotely from his home in Nevada as a "Customer Service Representative" for approximately three weeks in 2023.  Dailey worked for Intouch for approximately nine years,

---

[1] All facts are taken from the plaintiffs' second amended complaint (ECF No. 26).

concluding as a "Team Lead" in 2023.  Dailey worked remotely from her home in Florida.  The plaintiffs allege that InTouch classifies some call center agents as hourly, non-exempt employees and unlawfully classifies some call center agents as exempt for overtime purposes.  Both Pearson and Dailey were paid at an hourly rate.  The plaintiffs contend that call center agents were scheduled to work at least five shifts per week for at least eight hours per shift.

Prior to beginning each shift, call center agents were required to complete a set-up process that included booting up their computer; connecting to InTouch's VPN; logging into required systems, applications, and websites; and reviewing emails ("set-up time").  Call center agents repeated some of this process when returning from meal breaks.  The plaintiffs contend that the set-up process took approximately fifteen minutes, for which they were not paid, and if the process was not complete by the start of their scheduled shifts, InTouch could discipline them.

If call center agents experienced technical issues that disconnected the call center system, InTouch required the call center agents to remain at their computer until the issue resolved.  Both Pearson and Dailey assert that they experienced one or more of these technical issues, waited at their computer as required, and were not compensated for this "tech time."  Dailey also asserts that her job required her to perform additional uncompensated work after clocking out at the end of her shift.  She alleges that InTouch managers advised her to put exceptions into the timekeeping system to remove overtime hours worked in excess of 40 hours in a week ("exception time").

Both Pearson and Dailey allege that they regularly worked more than 40 hours in a workweek without being compensated for all hours worked.  Both plaintiffs identify a specific

workweek that they worked more than 40 hours due to some combination of set-up time, tech time, or exception time and did not receive compensation for all hours worked.

Pearson and Dailey bring individual and putative collective action claims against InTouch for failure to pay overtime wages in violation of the FLSA. Pearson also brings individual and putative class action claims against InTouch for (1) failure to pay minimum wages for each hour worked in violation of the Nevada Constitution and Nevada Revised Statutes (NRS) § 608.260, (2) failure to pay straight-time wages for each hour worked in violation of NRS § 608.016, and (3) failure to pay overtime wages in violation of NRS § 608.018.

## II.  DISCUSSION

In considering a motion to dismiss, I take all well-pleaded allegations of material fact as true and construe the allegations in a light most favorable to the non-moving party. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017). However, I do not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1163 (9th Cir. 2017). A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555. A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### A.  Misclassification of Employees as Exempt

InTouch argues that the SAC alleges insufficient facts to support a plausible FLSA claim based on misclassification because the plaintiffs allege they were hourly employees. The

plaintiffs respond that FLSA exemptions are affirmative defenses that InTouch could raise in its answer and that their claims are not dependent on a misclassification theory.

The FLSA provides for several job categories that are exempt from the minimum wage and overtime pay requirements for work in excess of 40 hours per week. *See* 29 U.S.C. §§ 206, 207, 213.  A plaintiff may bring a claim on a theory that they were miscategorized as exempt when they should have been non-exempt. *See e.g.*, *Dole v. W. Extension Irr. Dist.*, 909 F.2d 349, 351 (9th Cir. 1990) (per curiam).  Conversely, a defendant employer may assert an exemption as an affirmative defense to an FLSA claim. *See Bothell v. Phase Metrics, Inc.*, 299 F.3d 1120, 1124 (9th Cir. 2002).  "An employer who claims an exemption from the FLSA has the burden of showing that the exemption applies." *Id.* (quotation omitted).

Should InTouch raise misclassification as an affirmative defense, the parties can address the issue at that time.  But the issue before me now is whether to dismiss a misclassification allegation in the SAC.

The SAC lists hourly wages for both plaintiffs. ECF No. 26 at 4.  The SAC does not allege that either plaintiff was classified as exempt and the two FLSA claims do not purport to raise a misclassification theory.  There are no facts in the SAC to support a misclassification theory other than the conclusory statement that InTouch "unlawfully classifies [some] call center agents as exempt employees and fails to pay them overtime compensation for hours worked in excess of forty (40) in a workweek." *Id.*  So, I dismiss the plaintiffs' claims to the extent they are based on employees being misclassified as exempt from the FLSA's minimum wage and overtime requirements.  I grant the plaintiffs leave to amend their complaint if they intend to allege such a claim.

/ / / /

### B. FLSA Claims

Both parties agree that the Ninth Circuit's decision in *Landers v. Quality Communications, Inc.* provides the standard for pleading a plausible FLSA claim. 771 F.3d 638, 644-45 (9th Cir. 2014). "[I]n order to survive a motion to dismiss, a plaintiff asserting a claim to overtime payments must allege that she worked more than forty hours in a given workweek without being compensated for the overtime hours worked during that workweek." *Id.* Plausibility of a claim is "context-specific," and a plaintiff may show plausibility "by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, or any other facts that will permit the court to find plausibility." *Id.* at 645. For example, in *Reader v. HG Staffing, LLC*, this court held that plaintiffs who alleged they were scheduled for and regularly worked five shifts per week at eight hours per shift and were also required to spend 15 minutes off the clock changing in and out of their uniforms on site pleaded a plausible claim. No. 3:16-cv-00387-LRH-WGC, 2017 WL 843170, at *5 (D. Nev. Mar. 2, 2017). "Plaintiffs bringing an FLSA overtime claim satisfy the pleading standard set forth in *Twombly*, *Iqbal*, and *Landers* when they allege that they (1) work at least 40 hours a week 'on the clock' and (2) are required to perform specific tasks 'off the clock' (i.e., without compensation) for a specific length of time each shift." *Id.*

#### 1. Pearson's FLSA Claims for Exception Time

InTouch argues that Pearson cannot recover for unpaid exception time accrued after his shift had ended because there are no facts alleging that he ever worked exception time. Pearson does not oppose dismissal on this basis. ECF No. 31 at 9. I therefore dismiss Pearson's claims to the extent they rely on post-shift exception time.

2.  Tech Time

InTouch moves to dismiss the plaintiffs' claims to the extent they rely on unpaid tech time because the plaintiffs have not provided specific dates in which the tech time caused them to work more than 40 hours and because tech time was non-compensable "waiting time." ECF No. 28 at 11-14.  The plaintiffs argue that they have met the pleading standard under *Landers* for the tech time.

The SAC lays out sufficient facts to plausibly allege FLSA overtime violations resulting from tech time.  The plaintiffs allege that call center agents worked at least five eight-hour shifts per week. ECF No. 26 at 5.  When call center agents experience technical failures, they are required to remain at their computer but are not compensated for this time. *Id.*  Both Pearson and Dailey allege that they experienced technical issues and remained at their computers without being compensated, as InTouch required. *Id.* at 6.  Both Pearson and Dailey allege that they worked more than 40 hours in a specific workweek as a result of set-up time, tech time, and, for Dailey, exception time, or some combination thereof. *Id.* at 7-8.  Taking all reasonable inferences in the plaintiffs' favor, they plausibly allege that they worked at least 40 hours a week for their regular shifts and were also required to perform tech time off the clock.

The plaintiffs also plausibly allege that tech time was compensable.  InTouch argues that tech time was merely the employees "waiting to be engaged" and speculates that the plaintiffs may have engaged in personal activities during tech time rather than remaining at their computers. ECF No. 28 at 13.  But in considering a motion to dismiss, I must take all facts plausibly pleaded to be true and make all reasonable inferences in the plaintiffs' favor.  The SAC alleges that both plaintiffs experienced tech time, that InTouch required them to remain at their computer, and that both did as they were required. ECF No. 26 at 5-6.  Whether tech time is

6

compensable or merely time spent "waiting to be engaged" is a "question of fact to be resolved by appropriate findings of the trial court." *Skidmore v. Swift & Co.*, 323 U.S. 134, 136-37 (1944). It involves scrutinizing "(1) the degree to which the employee is free to engage in personal activities; and (2) an agreement between the parties suggesting the time waiting was compensable." *Kennedy v. Las Vegas Sands Corp.*, 110 F.4th 1136, 1145-46 (9th Cir. 2024) (simplified). The Ninth Circuit has adopted a set of seven non-exhaustive factors to examine whether an employee had use of waiting time for personal purposes. *Id.* at 1146. Such a fact-specific inquiry is premature at the pleading stage. The plaintiffs have plausibly alleged that they were not free to leave their computer during tech time and this time was uncompensated; therefore I deny InTouch's motion to dismiss the claims based on tech time.

### C. Pearson's State Law Claims

InTouch argues that Pearson's state law claims should be dismissed for the same reasons that the FLSA claims should be dismissed, and because the state law claims require more specific details. InTouch quotes *KG Mining (Bald Mountain) Inc. v. Maki* to argue that Pearson must "allege the specific hours he was not paid, the amount of wages owed, or that he worked more than 40 hours in a scheduled workweek or more than 8 hours in a workday—all facts necessary to resolve his Nevada state-law claims." No. 3:20-cv-00656-MMD-CLB, 2022 WL 656370, at *5 (D. Nev. Mar. 4, 2022); ECF Nos. 28 at 14; 34 at 8. But the plaintiff in *KG Mining* failed to allege that he ever worked more than 40 hours in a workweek. 2022 WL 656370, at *4. The court's reference to specific hours the plaintiff was not paid and the amount of wages owed is similar to the language of *Landers* listing other facts a plaintiff may allege to state a plausible claim. *See Landers*, 771 F.3d at 645 ("A plaintiff may establish a plausible claim by estimating the length of her average workweek during the applicable period and the

7

average rate at which she was paid, the amount of overtime wages she believes she is owed, or any other facts that will permit the court to find plausibility."). Because claims under Nevada law and the FLSA require alleging similar elements, a plaintiff need not exceed the *Landers* standard to be plead a plausible claim under Nevada law. Because I deny dismissal of Pearson's FLSA overtime claims, I deny InTouch's motion to dismiss Pearson's state law claims.

### III.  CONCLUSION

I THEREFORE ORDER that InTouch's motion to dismiss (**ECF No. 28**) **is GRANTED in part**. I dismiss the plaintiffs' claims to the extent they rely on a misclassification theory under the FLSA and Pearson's claims to the extent they are based on post-shift exception time. I deny the motion with respect to the plaintiffs' claims based on tech time and Pearson's state law claims.

I FURTHER ORDER that by October 18, 2024, the plaintiffs may file an amended complaint to cure the deficiencies identified in this order.

DATED this 23rd day of September, 2024.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE