UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FREDDIE PEARSON, et al., | Case No.: 2:23-cv-01888-APG-MDC |
| Plaintiff | **Order Denying Motion to Consolidate** |
| v. | [ECF No. 66] |
| INTOUCHCX SOLUTIONS, INC., | |
| Defendant | |

Defendant InTouch Solutions, Inc. moves to consolidate this case with *O'Quin v. Ascenda USA, Inc.*, Case No. 2:25-cv-00324-CDS-BNW. The plaintiffs in each of the cases oppose consolidation.

Under Federal Rule of Civil Procedure 42(a), the court may consolidate actions if they involve "a common question of law or fact." *See also* LR 42-1. I deny consolidation because the two cases involve different defendants. This case is against a Nevada entity named InTouchCX Solutions, Inc. ECF Nos. 1 at 3; 78 at 5. The defendant in the other case is Ascenda USA Inc. *O'Quin*, ECF No. 8 at 2. The two cases raise similar claims in only two respects: unpaid boot time (setting up computers) and unpaid tech time (waiting for computer issues to be resolved). But the *O'Quin* plaintiff adds numerous other allegations and claims, such as for unpaid training time, underpayment of overtime by not including bonuses, failure to pay wages upon separation, and alteration of time to show no overtime. The *O'Quin* plaintiff also asserts several individualized claims for retaliation and wrongful termination. Although InTouch characterizes the different claims as merely different types of unpaid time that would already be part of this case, there are no allegations in this case regarding unpaid training time, miscalculation of overtime, failure to pay wages on separation, or alteration/removal of hours to show no overtime.

Nor does it appear the named plaintiffs in this case would have standing as to the training time, as neither alleges they were a trainer. So the *O'Quin* case involves different claims that would not already be part of the damages calculation in this case. Plus, the *O'Quin* plaintiff has individual claims that would not overlap with this case.

    I THEREFORE ORDER that the motion to consolidate **(ECF No. 66) is DENIED**.

    DATED this 19th day of November, 2025.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE