FISHER & PHILLIPS LLP
BRETT M. WENDT, ESQ.
*(Admitted Pro Hac Vice)*
1125 17th Street, Suite 2400
Denver, Colorado 80202
Telephone: (303) 218-3650
E-Mail Address: bwendt@fisherphillips.com

ELIZABETH ANNE HANSON, ESQ.
Nevada Bar No. 16249
300 S. Fourth Street, Suite 1500
Las Vegas, Nevada 89101
Telephone: (702) 252-3131
E-Mail Address: ehanson@fisherphillips.com

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| FREDDIE PEARSON, and LEA ANN DAILEY, individually, and on behalf of all others similarly situated,<br><br>　　　　　　　　Plaintiffs,<br>　vs.<br><br>INTOUCHCX SOLUTIONS, INC.,<br><br>　　　　　　　　Defendant. | ) Case No.: 2:23-cv-01888-APG-MDC<br>)<br>) **ORDER GRANTING**<br>)<br>) **JOINT STATUS REPORT AND**<br>) **PROPOSED ORDER TO EXTEND**<br>) **STAY AND STIPULATION TO**<br>) **TOLL THE STATUTE OF**<br>) **LIMITATIONS**<br>) **PENDING MEDIATION** |

Pursuant to the Court's Order Granting Joint Motion To Stay Pending Mediation And Stipulation To Toll The Statute Of Limitations [ECF No. 93], Plaintiffs, FREDDIE PEARSON and LEA ANN DAILEY, and Defendant, INTOUCHCX SOLUTIONS, INC., by and through their attorneys of record, hereby submit the following joint status report:

1.　The parties were unable to settle this matter within the previously indicated timeframe and have agreed to pursue resolution through private mediation.

2.　The parties are actively working to schedule a date for mediation, expected to take place in August 2026.

3.　The parties respectfully request that the Court stay these proceedings (including the dates of the parties' Stipulated Discovery Plan and Scheduling Order [ECF No.88])

1

FISHER & PHILLIPS LLP
300 S Fourth Street, Suite 1500
Las Vegas, Nevada 89101

until **September 1, 2026** and cancel any upcoming in-Court scheduling and management conferences while the parties attempt to settle this matter through mediation. Notwithstanding the parties' agreement to attempt to resolve the issues through mediation, the parties acknowledge that, if this case does not settle, Plaintiffs retain the burden to move for and obtain collective action certification, and Defendant reserves the right to oppose any such motion and to move to decertify the collective if Plaintiffs' motion is granted.

4.   The parties will notify the Court of the status of the matter within seven (7) days of successful settlement or the expiration of the stay whichever date is earlier. If the parties are not successful in reaching settlement through mediation, the parties will propose a deadline to submit a revised Stipulated Discovery Plan and Scheduling Order.

5.   The parties will meet and confer regarding the exchange of relevant information to facilitate settlement at mediation. All materials exchanged by the parties pursuant to this Motion shall be deemed CONFIDENTIAL SETTLEMENT MATERIALS. If settlement is not reached, Plaintiffs' counsel agrees to return the data and information produced by Defendant pursuant to this Motion and shall not use that information for any purposes other than mediation.

6.   The parties further stipulate that the statute of limitations for Defendant's employees and former employees who may later file consent to join forms in this litigation, if any, is tolled from May 26, 2026, until the end of the stay. The parties agree that this tolling period is the same length as the stay and is contingent on the stay being granted and remaining in place.

7.   If the stay is terminated early, the parties agree that the tolling period ends on the date on which the stay ends. This tolling agreement extends only to the potential claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*., ("FLSA") for which Defendant's employees and former employees may file consent to join forms in this lawsuit; it does not extend to any FLSA or other claims that Defendant's employees

or former employees may assert in any other current or future lawsuit against Defendant, nor does it revive any claim that is or was already barred on May 26, 2026.

8. Nothing contained in this Motion shall be construed as a factual or legal admission.

9. Granting this Motion will allow the parties an opportunity to settle this litigation without incurring more fees and costs than are necessary, thereby promoting the interests of judicial economy and efficiency. No prejudice would result to any party if this Motion is granted.

10. This Motion is made in good faith to settle the issues of this lawsuit and not to cause any undue delay.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

FISHER & PHILLIPS LLP
300 S Fourth Street, Suite 1500
Las Vegas, Nevada 89101

WHEREFORE, the parties respectfully request that the Court enter an order granting this Motion and extending the Stay in this matter (including the dates of the parties' Stipulated Discovery Plan and Scheduling Order [ECF No.88]) until September 1, 2026 pending mediation.

Dated this 22nd day of May, 2026.

**FISHER & PHILLIPS, LLP**                    **BROWN, LLC**

By: */s/ Elizabeth Anne Hanson, Esq.*         By: */s/ Nicholas Conlon, Esq.*
Elizabeth Anne Hanson, Esq.                   Nicholas Conlon (PHV)
Brett M. Wendt, Esq.                          111 Town Square Place, Suite 400
300 S. Fourth Street, Suite 1500             Jersey City, New Jersey 07310
Las Vegas, Nevada 89101
*Attorneys for Defendant*                     Roger Wenthe, Esq.
                                              ROGER WENTHE, PLLC
                                              Nevada Bar No. 8920
                                              2831 St. Rose Parkway
                                              Suite 200
                                              Henderson, Nevada 89052
                                              *Attorneys for Plaintiffs*

### ORDER

IT IS SO ORDERED:

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

DATED: May 26, 2026

FISHER & PHILLIPS LLP
300 S Fourth Street, Suite 1500
Las Vegas, Nevada 89101

4